## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

Pensacola _____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

3:08cv 130/MCR/MD

✱ Jury Trial Demanded ✱

Mario A. Chandler _____, President Pro Tempore / Inmates Rights Group
(I.R.G.)

Inmate # C-L27821 _____.

(Enter full name of Plaintiff)

vs.

CASE NO: _____
(To be assigned by Clerk)

James D. Kirkland (C.O.Lt.),   S. Errickson (C.O.),   W.D. Rummel (Chief Health Officer)
I.M. Rathbone Jr. (C.O.Sgt.),   T. Reyes (Grievance Coordinator),   Nurse McArthur (Correc. Nurse)
J.D. Sanders (C.O.Sgt.),   David Ellis (Warden),   Nurse Fennell (Correc. Nurse)
D.S. Feelen (C.O.),   Diana Atkins (Inst. Inspector),
J. Richards (C.O.),   Paul Decker (Inspector Gen.),

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

All Defendants are being sued
in the Official capacity as
well as their individual Capacity's.

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA
PENSACOLA, FLA.

2008 MAR 28   AM 10: 27

FILED

## I.    PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:    Mario A. Chandler, President Pro Tempore / Inmates Rights Group (I.R.G.).

Inmate Number    C-L27821

Prison or Jail:    Sante Rosa C.I.

Mailing address:    5850 E. Milton RD.

Milton, FL 32583

(850)983-5860

## II.    DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1)    Defendant's name:    James D. Kirkland

Official position:    Correc. Officer Lieutenant

Employed at:    Santa Rosa C.I.

Mailing address:    5850 E. Milton RD.

Milton, FL 32583

(2)    Defendant's name:    T.M. Rathbone Jr.

Official position:    Correc. Officer Sergeant

Employed at:    Santa Rosa C.I.

Mailing address:    5850 E. Milton RD.

Milton, FL 32583

(3)    Defendant's name:    J.D. Sanders

Official position:    Correc. Officer Sergeant

Employed at:    Santa Rosa C.I.

Mailing address:    5850 E. Milton RD.

Milton, FL 32583

## **ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

II. Defendant(s): Continued

(4). Defendant's Name: D. S. Eccles
Official Position: Correctional Officer (Programs)
Employed At: Santa Rosa C. I.
Mailing Address: 5850 E. Milton Rd.
                 Milton, FL 32583

(5). Defendant's Name: J. Richards
Official Position: Correctional Officer (Programs)
Employed At: Santa Rosa C. I.
Mailing Address: 5850 E. Milton Rd.
                 Milton, FL 32583

(6). Defendant's Name: S. Errickson
Official Position: Correctional Officer (Movement)
Employed At: Santa Rosa C. I.
Mailing Address: 5850 E. Milton Rd.
                 Milton, FL 32583

(7). Defendant's Name: Dicna Ledkins
Official Position: Institution Chief Inspector
Employed At: Santa Rosa C. I.
Mailing Address: 5850 E. Milton Rd.
                 Milton, FL 32583

(8). Defendant's Name: Paul Decker
Official Position: Dept. of Corrections Inspector General
Employed At: Dept. of Corrections Central Main Office
Mailing Address: 2601 Blair Stone Rd.
                 Tallahassee, FL 32399-0001

11. Defendant(s): Continued (Pg 2)

(9). Defendant's Name: T. Reyes
Official Position: Institution Grievance Coordinator
Employed At:   Santa Rosa C. I.
Mailing Address: 5850 East Milton RD.
                 Milton, FL 32583

(10). Defendant's Name: David Ellis
Official Position: Santa Rosa C. I. Chief Superintendent
Employed At: Santa Rosa C. I.
Mailing Address: 5850 E. Milton RD.
                 Milton, FL 32583

(11). Defendant's Name: W. D. Rummell, Dr.
Official Position: Inst. Doctor and Chief Health Officer
Employed At:   Santa Rosa C. I
Mailing Address: 5850 E. Milton RD.
                 Milton, FL 32583

(12). Defendant's Name: Nurse McArthur
Official Position: Correctional Nurse
Employed At:   Santa Rosa C. I.
Mailing Address: 5850 E. Milton RD.
                 Milton, FL 32583

(13). Defendant's Name: Nurse Fennell
Official Position: Correctional Nurse
Employed At:   Santa Rosa C. I.
Mailing Address: 5850 E. Milton RD.
                 Milton, FL 32583.

NOTE: THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE
FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF
ADMINISTRATIVE REMEDIES AND ANY PRIOR LAWSUITS THAT HAVE BEEN FILED.

III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding
conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff
must submit copies of all grievances, appeals, and responses with this complaint to verify
exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

A.     DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA
       DEPARTMENT OF CORRECTIONS?

           Yes( ✓ )                        No(  )

       [If your answer is NO, proceed to Question B. If your answer is YES, answer all
       of the following questions in this subsection.]

       1.     Informal Grievance

       a.     Did you submit an informal grievance?

               Yes( ✓ )                     No(  )

               ❖ If so, you must attach a copy of the grievance and response; exhibit __A__ .

       b.     If not, why? _____

       2.     Formal Grievance

       a.     Did you submit a formal grievance?

               Yes( ✓ )                     No(  )

               ❖ If so, you must attach a copy of the grievance and response; exhibit __B__ .

       b.     If not, why? _____

       3.     Appeal to the Office of the Secretary

       a.     Did you submit an appeal to the Office of the Secretary?

               Yes( ✓ )                     No(  )

               ❖ If so, you must attach a copy of the appeal and response; exhibit __C__ .

       b.     If not, why? _____

3

4.    Disciplinary Actions

a.    Did you have a disciplinary hearing concerning this matter?

Yes( ✓ )                    No(  )

❖  If so, you must attach a copy of the disciplinary report and disciplinary
hearing team's findings and decision to this form; exhibit ⟨D⟩ __.

b.    Did you lose gaintime as a result of the disciplinary hearing?

Yes(✓)                    No(  )

c.    Has the gaintime since been restored?

Yes(  )                    No( ✓ )

**B.    DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY
JAIL OR DETENTION CENTER?**

Yes(  )                    No(  )

[If your answer is NO, proceed to Section IV of the complaint form.
If your answer is YES, answer the following questions.]

1.    Is there a grievance procedure at your institution or jail?

Yes(  )                    No(  )

[If your answer is NO, proceed to Section IV of the complaint form.  If your
answer is YES, answer all of the following questions in this subsection.]

2.    Did you submit a grievance concerning the facts relating to your complaint?

Yes(  )                    No(  )

3.    If your answer is YES:

a. What steps did you take? _____

b. What were the results? _____

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4.    If your answer is NO, explain why not: _____

_____

4

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL
OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED,
THAT FACT MUST BE DISCLOSED AS WELL.

IV.   **PREVIOUS LAWSUITS**

A.   Have you initiated other actions in **state court** dealing with the same or similar
facts/issues involved in this action?
Yes(   )          No( ✓ )

1. Parties to previous action:
   a.   Plaintiff(s): _____
   b.   Defendant(s): _____
2. Name of judge: _____          Case #: _____
3. County and judicial circuit: _____
4. Name of judge: _____
5. Approximate filing date: _____
6. If not still pending, date of dismissal: _____
7. Reason for dismissal: _____
8. Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar
facts/issues involved in this action?

Yes( ✓ )                No(   )

1. Parties to previous action:
   a.   Plaintiff(s): Mario A. Chandler,
   b.   Defendant(s): Lt. Felix W. Maples, et. al
2. District and judicial division: Pensacola Division
3. Name of judge: Lacey Collier          Case #: 3:07CV15/LAC/MD
4. Approximate filing date: 1. 8. 07
5. If not still pending, date of dismissal: Pending Before the 11th Cir. Court
   of Appeals
6. Reason for dismissal: N/A
7. Facts and claims of case: Violation(s) of My 1st Amend. &
   (Retaliation for seeking redress of grievances)14th Amend.
   (Due Process violations)
(Attach additional pages as necessary to list other federal court cases.)

5

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )                          No(  )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a.  Plaintiff(s): Mario M. Chandler, President Pro Tempore
   b.  Defendant(s): Walter McNeil, Secretary of Corrections
2. District and judicial division: Pensacola Division/Northern District
3. Name of judge: Elizabeth Timmothy        Case #: 3:07CV529/RV/EMT
4. Approximate filing date: Dec. 16th 2007
5. If not still pending, date of dismissal: Still Pending
6. Reason for dismissal: N/A
7. Facts and claims of case: Habeas Corp. D- Violation of Substantive Due Process Rights (Regarding Disciplinary Action brought against me).
   (Attach additional pages as necessary to list cases.)

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(  )                          No( ✓ )

1. Parties to previous action:
   a.  Plaintiff(s): _____
   b.  Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____  Case Docket # _____
4. Approximate filing date: _____  Dismissal date: _____
5. Reason for dismissal: _____

   (Attach additional pages as necessary to list cases.)

6

Section (c) Page 6 continued: appendix (a).

1. Parties to Previous action:
   a. Plaintiff(s): Mr Mario A. Chandler
   b. Defendants: David Ellis, Warden, Santa Rosa C.I.
2. District and Judicial Division: Northern District / Pensacola Division
3. Name of Judge: Elizabeth M. Timmothy    Case No.: 3:08CV75-MCR/EMT
4. Approximate filing date: Feb. 25th 2008
5. If not still pending, date of dismissal: Still Pending
6. Reason for dismissal: N/A
7. Facts and Claims of case: Due Process Violation in Prison Disciplinary Hearing (Habeas Corpus)

1. Parties to Previous action:
   a. Plaintiff(s): Mr Mario A. Chandler
   b. Defendant(s): Nurse McArthur, Nurse Fennell and Doctor William David Rummel, Chief Health Officer Santa Rosa C.I.
2. District and Judicial Division: Northern District / Pensacola Division
3. Name of Judge: Elizabeth M. Timmothy    Case No.: 3:08CV90-RV/EMT
4. Approximate filing date: March 5, 2008
5. If not still pending, date of dismissal: Still Pending
6. Reason for dismissal: N/A
7. Facts and Claims of case: The Eighth Amendment's Cruel and Unusual Punishment Standard as Applied to Medical Care

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

In the Month of December 2007 Plaintiff was indirectly exposed to chemical agents being applied to another inmate which had adverse effects on Plaintiff due to the fact that Plaintiff suffers from a persistent respiratory disease which inhibits Plaintiffs normal breathing habbits. Plaintiff attempted to counsel with Defendant Kirkland about being in compliance with Chapter 33-602.210 (16)(M)3e.F.A.C. to help with Plaintiff Situation. Defendant Kirkland failed to adhear to the Policy which cause Plaintiff to be Maliciously subjected to the indirect exposure of chemical agents. Plaintiff as a result suffered temporarily from hearing loss in left ear. Plaintiff wrote a grievance about the situation outlining the Defendant Lt. Kirkland's blaintent disregard of Dept. Policy as well as wrote to the Medical Dept. for immediate treatment. Plaintiff was again subjected to indirect exposure to chemical agents again just days later and Pleaded with Defendant Kirkland again to adhear to the Policy of the Dept. Once again the Defendant Kirkland foreclosed on Plaintiff's request and as a result Plaintiff suffered adverse affects again this time Plaintiff was cuffing up blood. Plaintiff was Seen by Nurse vonoven (after the use of Force Chemical agents incident being Performed on another inmate he) elapsed and brought with him the napkin in which held Proof of the blood & saliva. Nurse vonoven Provided Plaintiff with Deep Sea Nasel saleen Spray Stating that My cuffing up blood was due to Dry Sinus. Plaintiff wrote another grievance outlining the details of that incident as well as Defendant Kirkland's disregard of Dept. Policy.

7

## V.    STATEMENT OF FACTS: (Continued) Pg 2

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

Shortly after the filing of these grievances Plaintiff Starting receiving threats from Defendant Kirkland for writting grievances on his difiance of Dept. Policy. Plaintiff also Started being harasse by the wing unit Correctional Officers on the 7am-3pm shift as well as the 3pm-11pm shift. Plaintiff was Moved from his cell 1120 upper to Cell 1121 single to Set the Stage for use of force chemical agents on Plaintiff for writting grievances Defendant Kirkland. Before Defendant Kirkland Could exeate to his Malicious & Sadistic act of "Punishment" another Situation arose and Supervisory Security Officials needed to utilize My single cell room; so I was Relocate to Cell F/213 lower (on the top tier) on Wed. Dec. 26. On Fri. Dec. 28th I recieved a roommate (I/M Baldwin) due to another incident accurring next door with Inmate (I/M) Johnny Colon (I/M Baldwin's roommate). *Note: later that day I/m Colon i was applied chemical agents because the 7am-3pm shift told Lt Kirkland when he came on the 3pm-11pm Shift that colon had given them some Problems, so Lt. Kirkland Set the Stage with Sgt. Reyes and I/m Colon was applied chemical agents*. While Defendant Kirkland & Sgt. Reyes was applying chemical agents to I/m colon, Defendant Kirkland would come to My Cell 1213 (next door to 1214) and make statements stating - Keep on writting Shit up. I got something for you too. You got away from me two days ago - I had everything set up, but just wait; I'll get you real soon. Then he would leave My Cell front and exit the area then come back apply more agents to I/m colon then Stop again at My cell-front with more threats of use of force for me utilizing, the grievance Procedure against him.

V. Statement of Facts (Continued) Pg 3.

On Monday, Dec. 31st at approximately 2:50pm C.O.J. Richards (Defendant) and C.O. Wallace moved my roommate I/M Baldwin (Per Defendant Kirklands orders) to cell E 1110 lower (on the bottom tier). The motive behind this move was to set the Stage for the use of force so it doesn't look so blaint that he violated Chapter 33-602.210 (16)(F) F.A.C. (revised 7/06). On Wednesday Jan. 2nd 2008 upon his return from his New Years Day off I was applied chemical agents unlaw- fully w/out ligitimate just cause and Defendants Kirkland, Rathbone and Errickson all played their part to aid and assist Defendant Kirkland in this wanton act. Defendant Errickson Stated that he had to go along with it because he can't go against the Lieutenant he needs his job & Defendant Rathbone stated that he had to do what the Lieutenant told him. Defendant(s) Rathbone and Errickson knowing that the use of force was unjustly executed failed to execute Chapter 33-602.210 (11) F.A.C. (Pursuant to Section 944.35(3)(d) FL. Statute(s)) for fear of re- taliation on them by their Supervisor Defendant Kirkland and thus doing so allowed Plaintiff to be victimized by Defendant Kirkland Not to mention Defendant Nurse McArthur gave Medical consent for the chemical agents to be applied to me knowing that in my Medical file I possed a Form DC4-650B (Risk Assessment for the Use of Chemical Restraint Agents and Electronic Immobilization Devices- which is used to determine whether the inmate has a medical condition which may be exacerbated by the use of chemical Agents (exacerbate) means according to Merriam-Webster's collegiate Dictionary. Eleventh Edition: To make More violent, bitter, or severe)); as well as that I suffer from a persistant respiratory disease (in which I am perscribed two seperate types of Medication for it). Nurse McArthur gave consent for something that has adverse reactions to my →

Medical disease which causes him to be medically neg-
ligant and medically unprofessional. After the use of
force was over I was escorted to wing two(2) of the dorm
for a cold shower w/out soap (so the chemical agents were
not properly removed) from contact of my skin, and the
chemicals had got on my anel area as well as on my
groin). I was escorted from the shower area in wing II
of the dorm to the dorm Medical Triage area and I in-
formed nurse McArthur that my groin and anel area
where inflamed). He retorted by stating "you better
strattle the sink in your cell because I can't help you
with that". I endured that suffering till I was seen
by nurse Reeves on Jan. 17th 2008. However, from Jan.
2nd 2008 till Jan. 5th 2008 I was on strip cell in the
same cell that the chemical agents was applied to me
in. I only had a pair of boxer shorts (half contaminated
by the chemical agents) during that period - meaning
I was deprived of toothpaste, toothbrush, clothing, mattress,
bedding, soap and shower plus toilet paper. After
My strip cell status elapsed I was moved to cell E1219L
where I was harassed and thraken by security
officials assigned to the dorm. I wrote various grievances
during Lt. Kirkland's two(2) week leave to institution
administration (David Ellis, Warden) and institution
investigative Personnel (Diana Adkins, Chief Institution
Inspector) as well as various cell office grievances
that was defered to the Dept. of Corree. Inspector
Generals office. Seventy two (72) hours after the
return of Lt. Kirkland from his two (2) week leave
he retaliated for the grievances I wrote during his
absence and applied chemical agents again with
the Medical autherization given by nurse Fennell.
This incident occured Jan. 25th 2008. I was then placed
on strip cell again this time for six(6) days being
deprived of bedding, mattress, clothing, toilet paper,

Shower, soap, tooth brush, ~~tooth paste~~ toothpaste. On Jan. 29th 2008
I was subjected to additional Disciplinary Punitive
Measures by being Placed on Meal restriction for
21 Meals (which is 7 days three meals a day). I set
in a cold filthy contaminated cell (contaminated with
Chemical agents) with irritated burning skin un
attended by Medical Personnel after complaining
to them about my injuries sustained from the chemical
agents — with their retort comments: fill out a sick-
call. Knowing very well while on strip cell you
have no Property what so ever but your boxer shorts.
Lt. Kirkland stated maybe next time you'll learn
not to write any grievances; If I even see one
more grievance written by you against me or my
dorm staff I'll see to it that you won't be able
to write any more grievances. I still as of
current continue to be harassed and threaten by
Lt. Kirkland and dormitory staff. I have tried to
seek assistance from the Attorney General's Office,
the F.D.L.E., the Chief Inspector General's Office
as well as the Federal Dept. of Justice - Civil Rights
Division - A.D.A. (American With Disabilities Act) dept.
to no avail (I am an A.D.A. individual ~~to~~ due to my
respiratory disease). The courts are my only option.
[ I have also tried seeking assistance from the
Florida Commission on Ethics by filing a form 50
(official complaint form) detailing how various
listed officials violated the Code of Ethics and
S.8 Art. II of the State Constitution as well Chapter 112
Section III. 7. I was also upgraded in security
Classification to close Management II Status from my
former Status of close Management III Pursuant to
Chapter 33-601.800 F.A.C. because of the nature of the
Disciplinary reports ~~wr~~ written to disguise the unlawful
actions of security officials.

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

U.S. Const. Amendment I: Retaliation For the use of the grievance (seeking redress of grievances), U.S. Const. Amendment 8: Cruel and unusual Punishment, U.S. Const. Amendment 14: Procedural due Process and equal Protection

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Compensatory Damages of $65,000.00 From each Defendant in an Individual Capacity; Punitive Damages of $85,000.00 From each Defendant in an Individual Capacity; any other relief the court may find appropriate in addition to all court fee's and cost be Paid by the Defendants; Injunctive relief barring the use of strip cell confinement.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

3/27/08
(Date)

_____
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ deilverd to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 21 day of March , 20 08 .

_____
(Signature of Plaintiff)

Revised 07/02

PROVIDED TO
SANTA ROSA C.I.

MAR 2 6 2008

FOR MAILING _____
INMATE INITIALS

8

EXHIBIT

A

33-602.

3. a & b and to Chapter 33-103.005 & 33-103.013 (6) Security Matters
be:

✳ Informal Grievance ✳

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

# INMATE REQUEST

OB-0337

(Instructions on Back)

Mail Number: PRLS
Team Number: #7
Institution: #119

ATTN: Mr. Ellis, Chief of Staff, Warden of #119

| TO: (Check One) | ☒ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☐ Medical ☐ Dental | ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Chandler, Mario A. | C-L27821 | E1219L | N/A | 1.16.08 |

**REQUEST** Sir according to 33-602.210 (10) F.A.C. The Warden or acting Warden "shall" immediately conduct a preliminary review of the video tape(s) and all associate reports for signs of excessive force or "procedural deviation". If signs of excessive force or "procedural deviation" (means diverge from a course of action, rule, etc. are noted) by the Warden or assignee inspector, she or he "will" notify the office of the inspector gen. directly, so that there is no undo delay in initiating an investigation. The Warden "shall" then appoint a staff member of equal or higher rank than those involved in the use of force to collect all pertinent info & required documentation. This information "will" include the reports of all involved staff and the statements of staff witnesses, inmate witnesses, the inmate subject and the complete Use of Force File Checklist (DC1-813), Sir a review of wing cameras & the portable Use of Force (emergency) situation hand held camera will verify (if documents state otherwise) that the listed herein security operations procedures were foreclose on and grossly divide from regarding wel. hrn 2nd 208 use of force: 33-602.210(16)(b) & (16)(F) Tim Baldwin was moved on 12/31/07 @ 2:50pm from E1213 to E1110 w/out justification to set the stage for the use (of force 48hrs. later). (Please see attached →

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Kirkland

───── **DO NOT WRITE BELOW THIS LINE** ─────

RECEIVED
JAN 18 2008

## RESPONSE

DATE RECEIVED:
ASST. SUPERINTENDENT OPERATIONS
S.A.R.C. received

Your informal grievance has been reviewed and evaluated. The Use of force that was utilized on you on Jan 2, 08 was necessary to bring you into complian with Close Management housing unit rules. You were creating a disturbance in the unit and chemical agents had to be utilized to bring you into compliance. Based on these findings your grievance is denied.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned (Denied) or Approved). If your informal grievance is denied you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): | James Kent | Date: | Jan 28, 2008 |
|---|---|---|---|

Distribution:    White   -Returned to Inmate      Pink   -Retained by official responding, or if the response is to an informal grievance then forward to be placed in inmate's file

3.a & (16)(M) 3.b. with all of these numericus explicit Procedures being "deviated" from in regards to the use of force incident on wed. Jan. 2nd 2008 Echo Dorm inmate subject, Chandler, Mario A. DC# C-L27821 B/M are grounds for immediate investigation by your office and the office of the Inspector General use of force unit. In addition Mr. Ellis Policy required that you shall review the information & note any inappropreate action(s) & forward all documents & videotape(s) evidence to the Institution Inspector with in 5 (five) working days. Sir it is undisputed that "Procedural deviations" grossly diviated from explicitly stipulated Policy Procedures, exsist in my use of force incident which brings rise to my claim of retaliation for use of the grievance procedure by C.O. Lt. James Kirkland who I've filed various grievances on (Prior to 1/2/08 U.O.F. incident) for violation of 33-602. 210(16)(M) 3.e.. This use of force was unlawfully executed and I envoke my right for a complete Procedeurd Proper investigation into this matter. I hope i'm not retaliated on for this grievance.

_1/16/08_
Date

_ISI Model_
Mario. A. chandler
C-L27821

\* Continuation sheet of informal grievance
Pursuant to 33-103.013(6) **LEGAL** (Security Matters) \*

RECEIVED

JAN 18 2008

ASST. SUPERINTENDENT OPERATIONS
S.A.R.C.I.



EXHIBIT

B

ATTN: Mr.
Warden

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
JAN 14 2008
SANTA ROSA C.I.
GRIEVANCE COORDINATOR

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: Chandler, Mario A.     C-L27821     #119 Santa Rosa C.I.
　　　Last　First　Middle Initial　　Number　　　　Institution

Part A – Inmate Grievance

Pursuant to 33-103.006 - Classification of Grievance 33-103.013 (6)(Security Matters)
Sir according to 33-602.210(10)F.A.C. The warden or acting warden "shall" (according to law means
Mandatory) immediately conduct a preliminary review of the video tape(s) and all associated reports
for signs of excessive force or "procedural deviation". If signs of excessive force or "procedural
deviation" (means diverge from a course of action, rule, etc. & diverge means to depart from a set course)
are noted by the warden or assigned inspector, she or he "will" (according to law means Mandatory) notify
the office of the Inspector General directly, so that there is no undue delay in initiating an investiga-
tion. The warden "shall" then appoint a staff member of equal or higher rank than those involved
in the use of force to collect all pertinent info. & required documentation. This information "will" in-
clude the reports of all involved staff and the statements of staff witnesses, inmate witnesses, the
inmate subject and the completed Use of Force File Checklist (DC1-813). Sir a review of wing cam-
eras and the portable Use of Force/Emergency Situation handheld camera will verify (& doc-
umentation states otherwise) that the listed herein security operating procedures were foreclosed
on and grossly divided from regarding Wed. Jan 2ⁿᵈ 2008 Use of Force: 33-602.210(16)
(b)&(16)(f)=(I'm Baldwin was move on 12/31/07 @ 2:50pm from E/213 to E/110 what justification
to set the stage for the Use of Force 48hrs. later) 33-602.210(16)(M)2 & (16)(M)2 & of (16)(M)2.
b & (16)(M)3. & (16)(M)3.a & (16)(M)3.b. With all of these numerous explicit procedures
being "deviated" from in regards to the Use of Force incident on Wed. Jan 2ⁿᵈ 2008
Echo Dorm inmate subject Chandler, Mario A. Dc#C-L27821 I request superintendent operations
for immediate investigation by your office and the office of Inspector General
Use of Force Unit. In addition Mr. Ellis policy requires that you "shall" review the info. & note
any inappropriate action(s) & forward all documents & video tape(s) evidence to the Inst. Insp-
ector within 5 working days. Sir it is undisputed that "procedural deviation(s)" grossly divided
from explicitly stipulated policy procedures exist in my use of force incident (which brings
rise to my claim of retaliation for use of the grievance procedure by Lt. Kirkland who
I've filed various grievances on prior to 1/2/08 (U.O.F. incident) for violation of 33-602.210(16)
(M)3.e. This use of force was unlawfully executed and I invoke my right for a complete

Sun. Jan 13, 2008　　　　　　　　　　　　MACh C-L27821
　　　DATE　　　　　　　　　　　SIGNATURE OF GRIEVANT AND D.C. #
Procedural proper investigation into this matter. I hope I'm not retaliated on for this grievance

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ＿＿ / ＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　#　　　　　Signature

**INSTRUCTIONS**

10-C

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: ＿＿＿＿＿＿　Institutional Mailing Log #: ＿＿＿＿＿　　　＿＿＿＿＿＿＿＿
　　　　　　　(Date)　　　　　　　　　　　　　　　　　　　　　　　　　　　(Received By)

DISTRIBUTION:　　INSTITUTION/FACILITY　　　　CENTRAL OFFICE
　　　　　　　　　INMATE (2 Copies)　　　　　　INMATE
　　　　　　　　　INMATE'S FILE　　　　　　　　INMATE'S FILE - INSTITUTION./FACILITY
　　　　　　　　　INSTITUTIONAL GRIEVANCE FILE　CENTRAL OFFICE INMATE FILE
　　　　　　　　　　　　　　　　　　　　　　　　CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 0801-119-176 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THIS GRIEVANCE IS BEING RETURNED WITHOUT FURTHER PROCESSING IN ACCCORDANCE WITH CHAPTER 33-103.014(1)(G) IN THAT YOU HAVE NOT ATTACHED A COPY OF AN INFORMAL GRIEVANCE AS REQUIRED BY CHAPTER 33-103.006(2)(h).

IN ORDER TO RECEIVE FURTHER ADMINISTRATIVE REMEDY OF YOUR COMPLAINT OR APPEAL, YOU MUST CORRECT THE DEFECTS AND RESUBMIT YOUR GRIEVANCE IN ACCORDANCE WITH AND WITHIN THE TIME FRAMES CALLED FOR IN CHAPTER 33-103.

M. BOOKER                              D. ELLIS

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 1-14-08 |
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

Grievance Mailed

JAN 15 2008

Santa Rosa C.I.

593

Cross References

Title certificate to motor vehicle, see § 319.33.

## 837.02. Perjury in official proceedings

(1) Except as provided in subsection (2), whoever makes a false statement, which he or she does not believe to be true, under oath in an official proceeding in regard to any material matter, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(2) Whoever makes a false statement, which he or she does not believe to be true, under oath in an official proceeding that relates to the prosecution of a capital felony, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(3) Knowledge of the materiality of the statement is not an element of the crime of perjury under subsection (1) or subsection (2), and the defendant's mistaken belief that the statement was not material is not a defense. *Amended by Laws 1997, c. 97–90, § 3, eff. July 1, 1997; Laws 1997, c. 97–102, § 1311, eff. July 1, 1997.*

Derivation:

Laws 1975. c. 75–298, § 33.
Laws 1974, c. 74–383, § 55.
Laws 1971, c. 71–136, § 998.
Comp.Gen.Laws 1927, § 7477.
Rev.Gen.St.1920, § 5343.
Gen.St.1906, § 3473.
Rev.St.1892, § 2561.
Laws 1868, c. 1637, subc. 6, § 1.

## 837.021. Perjury by contradictory statements

(1) Except as provided in subsection (2), whoever, in one or more official proceedings, willfully makes two or more material statements under oath which contradict each other, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(2) Whoever, in one or more official proceedings that relate to the prosecution of a capital felony, willfully makes two or more material statements under oath which contradict each other, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(3) In any prosecution for perjury under this section:

(a) The prosecution may proceed in a single count by setting forth the willful making of contradictory statements under oath and alleging in the alternative that one or more of them are false.

(b) The question of whether a statement was material is a question of law to be determined by the court.

(c) It is not necessary to prove which, if any, of the contradictory statements is not true.

(d) It is a defense that the accused believed each statement to be true at the time the statement was made.

(4) A person may not be prosecuted under this section for making contradictory statements in separate proceedings if the contradictory statement made in the most recent proceeding was made under a grant of immunity under s. 914.04; but such person may be prosecuted under s. 837.02 for any false statement made in that most recent proceeding, and the contradictory statements may be received against him or her upon any criminal investigation or proceeding for such perjury. *Amended by Laws 1997, c. 97–90, § 4, eff. July 1, 1997; Laws 1997, c. 97–102, § 1312, eff. July 1, 1997.*

Derivation:

Laws 1985, c. 85–41, § 2.
Laws 1975, c. 75–298, § 34.
Laws 1974, c. 74–383, § 56.
Laws 1972, c. 72–314, § 1.

## 837.05. False reports to law enforcement authorities

(1) Except as provided in subsection (2), whoever knowingly gives false information to any law enforcement officer concerning the alleged commission of any crime, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(2) Whoever knowingly gives false information to a law enforcement officer concerning the alleged commission of a capital felony, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. *Amended by Laws 1997, c. 97–90, § 5, eff. July 1, 1997.*

Derivation:

Laws 1991, c. 91–224, § 206.
Laws 1975, c. 75–298, § 34.
Laws 1974, c. 74–383, § 57.

## 837.06. False official statements

Whoever knowingly makes a false statement in writing with the intent to mislead a public servant in the performance of his or her official duty shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. *Amended by Laws 1997, c. 97–102, § 1313, eff. July 1, 1997.*

Derivation:

Laws 1991, c. 91–224, § 207.
Laws 1975, c. 75–298, § 34.
Laws 1974, c. 74–383, § 58.

## 837.07. Recantation as a defense

Recantation shall be a defense to any prosecution for perjury or false statement only if the person making the false statement admits such statement to be false in the same continuous proceeding or matter, and:

(1) The false statement has not substantially affected the proceeding; or

(2) Such admission is made before it has become manifest that such false statement has been or will be exposed.

Derivation:

Laws 1990, c. 90–126, § 1.



**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

JAN ~ 1 2008

DEPARTMENT OF CORRECTIONS
GRIEVANCES

TO: ☐ Warden      ☐ Assistant Warden      ☒ Secretary, Florida Department of Corrections

From: Chewter Mervin        C-127821        #119 Santa Rosa
      Last .   First   Middle Initial         Number            Institution

Emergency Grievance

Part A – Inmate Grievance        08-6-03207

Just as I have reported in grievance log #
0801-119-234 that Security officials have told me
that when C.O. Lt. James D. Kirkland comes back
he will finish what he Started. At approx:
10:05 AM He (Lt. Kirkland) Stove at Cell front
Cussed my roommate Inmate color (who was also
gassed by C.O. Lt. James Kirkland 5 days before I was
gassed on the 2nd of Jan. 2008) & stated you don't
Stop being fearn do you Well - I'll kill this bird
with one Stove here. Then he (Lt. Kirkland) ordered
Sgt. Thornton to give us verbal orders to stop
yelling on the wing & ricking on the door (Because)
My Self nor my cell-mate was doing none of that -
They are setting the stage for a use of force - The
wing cameras are all virtual & no audio. Sgt.
Thornton went to other cells then came back
and Stated again stop calling me to the cell &
yelling on the wing (again fabricating a scene to
Set the stage for the use of force - Just like Sgt. Rathbone
& Lt. Kirkland did Jan. 2nd 2008 on me. I have
begged for help over & over & requested to be placed
in & again. See regarding Protection against Staff per
33-602.220(3)(a) & no one has done it. My
Safety is now in jeperdoy as I have seen so
many times. You all have failed to Protect me.

1/24/08                          Mervin C-127821
  DATE          **SEE ATTACHED**        SIGNATURE OF GRIEVANT AND D.C. #
                **RESPONSE**

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF DAY EXTENSIONS: _____ / _____
                                                                        #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office        CAS 10-B

Submitted by the inmate on: _____    Institutional Mailing Log #: _____
                          (Date)

|  | | |
| --- | --- | --- |
| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|  | INMATE (2 Copies) | INMATE |
|  | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
|  | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
|  | | CENTRAL OFFICE GRIEVANCE FILE |

(Received By)   Lt. Kirkland

DC1-303 (Revised 7/05)

MAILED / FILED
WITH AGENCY CLERK

FEB 0 1 2008

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 08-6-03207 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

NOTE: This grievance is not accepted as a grievance of an emergency nature.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your appeal at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules. The institution must be given the opportunity to respond to your grievance.

Furthermore, a copy of your grievance has been forwarded to the Warden's office for review.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your grievance is returned without action.

J. MOORE

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

EXHIBIT

D. 1

Disciplinary Infraction
2-3 (Jan. 2nd 2008)

LEGAL

E 12 192

```
                    FLORIDA DEPARTMENT OF CORRECTIONS        01/11/2008
ISSO152 (03)              DISCIPLINARY REPORT                PAGE  1
                         LOG # 119-080009
```
--------------------------------------------------------------------------------
```
DC#: L27821   INMATE NAME: CHANDLER, MARIO          INFRACTION
VIOLATION CODE:  0023   TITLE: PART.IN DISTURBANCE   DATE: 01/02/2008
FACILITY CODE:  119    NAME: SANTA ROSA C.I.         TIME: 07:15
```
--------------------------------------------------------------------------------

I.   STATEMENT OF FACTS:

         INMATE CHANDLER, MARIO DC#L27821 IS BEING CHARGED WITH A
         VIOLATION OF FAC CHAPTER 33-601.314 RULES OF PROHIBITED
         CONDUCT (2-3) PARTICIPATING IN OR INCITING A MINOR
         DISTURBANCE. ON JANUARY 2, 2008 I WAS ASSIGNED AS
         E-DORMITORY HOUSING SERGEANT.  AT APPROXIMATELY 7:15AM I
         APPROACHED CELL E-1213 WHICH HOUSES INMATE CHANDLER, MARIO
         DC#L27821 WHO IS HOUSED ALONE. INMATE CHANDLER WAS YELLING
         INTO THE WING AND KICKING THE CELL DOOR. I ORDERED HIM TO
         CEASE HIS DISRUPTING OF THE HOUSING UNIT AND HE CONTINUED TO
         YELL AND KICK ON HIS DOOR. I COUNSELED WITH AND ORDERED
         INMATE CHANDLER SEVERAL TIMES TO CEASE HIS DISRUPTIVE
         BEHAVIOR AND WAS MET WITH NEGATIVE RESULTS. A
         CHEMICAL AGENTS USE OF FORCE HAD TO BE USED TO QUELL THE
         DISTURBANCE INMATE CHANDLER WAS CREATING IN THE UNIT. THE
         SHIFT SUPERVISOR WAS NOTIFIED WAS NOTIFIED AND AUTHORIZED
         THIS REPORT. INMATE CHANDLER WILL REMAIN IN HIS CURRENT
         STATUS PENDING DISCIPLINARY TEAM ACTION.


   REPORT WRITTEN: 01/02/2008, AT 13:45   OFFICER: RTM10 - RATHBONE,T.M.  JR

   ASSIGNED AND APPROVED BY: KJD02 - KIRKLAND, J.D.
```
was the one who authorized Chemical agents?
Supervised the ~~this~~ incident while

--------------------------------------------------------------------------------
```
II.  INVESTIGATION:
         INMATE OFFERED STAFF ASSISTANCE: DECLINED

   INVESTIGATION BEGUN:  01/02/2008, AT 14:30   OFFICER: ES010 - ERRICKSON,S.
```
was the Camera operator
```
   INVESTIGATION ENDED:  01/06/2008, AT 08:37
```
--------------------------------------------------------------------------------

```
III. INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 01/04/2008, AT: 11:50

                    DELIVERED BY : RJ032 - RICHARDS, J.
```
--------------------------------------------------------------------------------
```
IV.  DESIGNATING AUTHORITY REVIEW   LEVEL: MAJOR   DATE: 01/09/2008

                    OFFICER: CCS02 - COURTNEY, CYNTHIA
```
--------------------------------------------------------------------------------
```
V.          TEAM   FINDINGS AND ACTION   DATE: 01/10/2008, AT: 10:40
         INMATE OFFERED STAFF ASSISTANCE: DECLINED
         INMATE PLEA: NO CONTEST   FINDINGS: GUILTY
         INMATE PRESENT: YES
      POSTPONEMENT:
      BASIS FOR DECISION:
         BASED UPON INMATE'S PLEA OF NO CONTEST.


   ACTIONS TAKEN:
    LOSS OF GAIN TIME:        8; PROBATION DAYS SET:   0
    DISCIPLINARY CONFINEMENT:  20; PROBATION DAYS SET:   0 CONSECUTIVE
```

```
                        FLORIDA DEPARTMENT OF CORRECTIONS              01/11/2008
     ISSO152 (03)                 DISCIPLINARY REPORT                    PAGE   2
                                  LOG # 119-080009
     --------------------------------------------------------------------------------

     DC#: L27821   INMATE NAME: CHANDLER, MARIO                    INFRACTION
     VIOLATION CODE:  0023    TITLE: PART.IN DISTURBANCE          DATE: 01/02/2008
     FACILITY CODE:  119    NAME:  SANTA ROSA C.I.                TIME: 07:15
     --------------------------------------------------------------------------------

                           0000                      000

     RESTITUTION:       $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

     TEAM CHAIRMAN:    FSL15 - FENNIMORE,S.L.
     TEAM MEMBERS:     GWL00 - GIELOW,W.L.                     -
     --------------------------------------------------------------------------------

     VI.  REVIEW AND FINAL ACTION: NO FINAL ACTION
            WARDEN:           -                        DATE: 00/00/0000
     --------------------------------------------------------------------------------

     VII. APPEAL PROCESS DISPOSITION: NO INSTITUTIONAL ACTION
            WARDEN:           -                        DATE: 00/00/0000
     --------------------------------------------------------------------------------

        INFORMATIONAL NOTES:
        MAXIMUM GAIN TIME DAYS AVAILABLE TO BE TAKEN:      0 DAYS
     --------------------------------------------------------------------------------

     DC4-804
```

```
                    FLORIDA DEPARTMENT OF CORRECTIONS        01/10/08
ISS0158 (14)              DISCIPLINARY REPORT                PAGE  1
                         HEARING INFORMATION
                          LOG # 119-080009
---------------------------------------------------------------------
DC#: L27821   INMATE NAME: CHANDLER, MARIO            INFRACTION
VIOLATION CODE:  0023   TITLE: PART.IN DISTURBANCE    DATE: 01/02/08
FACILITY CODE:  119    NAME: SANTA ROSA C.I.          TIME: 07:15
---------------------------------------------------------------------
        TEAM    FINDINGS AND ACTION   DATE: 01/10/08, AT: 10:40
        INMATE OFFERED STAFF ASSISTANCE: DECLINED
        INMATE PLEA: NO CONTEST   FINDINGS: GUILTY
        INMATE PRESENT: YES
     POSTPONEMENT:
     BASIS FOR DECISION:
        BASED UPON INMATE'S PLEA OF NO CONTEST.

ACTIONS TAKEN:
   LOSS OF GAIN TIME:         8; PROBATION DAYS SET:   0
   DISCIPLINARY CONFINEMENT:  20; PROBATION DAYS SET:   0 CONSECUTIVE

   RESTITUTION:      $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

   TEAM CHAIRMAN:   FSL15 - FENNIMORE,S.L.
   TEAM MEMBERS:    GWL00 - GIELOW,W.L.            -
---------------------------------------------------------------------
---------------------------------------------------------------------
```

E1219

Hearing
* Transcript *

Wrote
Appeal
1.10.2008
Mailed out on
1.13.08

D. R. Hearing Info.
Sheet - For the unlawful
& Frabricate use of
Force done on me Wed.
Jan. 2, 2008 (For Filing
Grievances on Lt. Kirkland)
I gave no Plea & the
D.R. Hearing Team upon
their own authority
Pleaded Me - No contest

ATT. Mr. City
Warden #119.
D.R. Appeal

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
JAN 14 2008
SANTA ROSA C.I.
GRIEVANCE COORDINATOR

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: Chandler, Mario A.     C-127821     #119-

_Last    First    Middle Initial_     _Number_     _Institution_

Appeal of D.R. Log #119-080009   Pursuant to 33-103.006 (3)(b)§33-103.013(5) F.A.C.

Part A – Inmate Grievance

Be advised Pursuant to Chapter 33-103.015 (3) only the Warden is charged with rendering relief, return or deny of this appeal of Discipline. At the Mindful of the funds I received priorly by security officers to Plead guilty to my D.R.'s of 2+ violations receiving or continue to be house 236. ? possibly subjected to Chemical agents again thus strip cell status - I gave no Plea to the Disciplinary Committee to preserve My right to dispute the charge brought against me (Per Chapter 33-601.307(1)(a) In the event the inmate refuses to enter a Plea it "shall" be treated as a "not guilty Plea). Further the Investigator (according to the D.R. Hearing Team) was C.O. Richards who failed to follow explicit Stip late) guidelines of Chapter 33-601.305 Inmate Discipline Investigations The entire procedure was Preclosedupon & completely disregarded by C.O. Richards who denied me an opportunity to Partake in My Disciplinary investigation because I was on "Strip cell" Status at the time of the alleged investigation The Hearing Team Per their own authority took my no Plea, Plea and instituted a Plea of no contest! I was denied various Policy Privileges regarding My Disciplinary investigation to include the right to call witnesses and Documentary or Physical evidence to dispute the charges against me of violating 33-601.314(2-3), Pursuant to the F.A.C. rules of Inmate Discipline-Investigation Chapter 33-601.305. A view of the Physical evidence (Handheld camera) will Stip late it as a Policy Violation of Security Operations 33-602.210 to include but not limited too 33-602.210(16)(M)2 & 26) & 7(b)§ 2(b)-3 & 2(b)-3(c) to also include documentary reports not being in compliance with 33-602.210(8)§(16). Based on these facts it creates Substantial errors Providing the basis to have the Disciplinary infraction brought against me Dismiss, and expunge from my inmate file. Policy requirements requires no less of a decision by you. Justice is in your

1.10.2008 (date)   _M.A.C._ C-127821

_DATE_     _SIGNATURE OF GRIEVANT AND D.C. #_

authority to grant - Please don't disregard it.

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ / ____
_#    Signature_

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____   Institutional Mailing Log #: _____   (Received By)
                           (Date)

DISTRIBUTION:     INSTITUTION/FACILITY          CENTRAL OFFICE
                  INMATE (2 Copies)             INMATE
                  INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                  INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                                CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 7/05)

DSe
Class.
2.J.
#119-080009
Feinore

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 0801-119-174 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

DISCIPLINARY REPORT 119-080009 HAS BEEN REVIEWED.  YOU WERE CHARGED FOR 2-3 PARTICIPATING IN A DISTURBANCE ON 1/2/08.  YOU STATE IN YOUR GRIEVANCE THAT YOU WERE DENIED THE OPPORTUNITY TO PARTICIPATE IN THE INVESTIGATION OF THIS INFRACTION.  ON 1/4/08 AT APPROXIMATELY 11:50AM OFFICER RICHARDS DELIVERED THE CHARGES. YOU REFUSED TO PARTICIPATE AT ANY LEVEL OF THE DISCIPLINARY PROCESS. YOU REFUSED TO SIGN A VOLUNTARY REFUSAL TO PROVIDE A WRITTEN STATEMENT FOR THE INVESTIGATION, THE WITNESS DISPOSITION FORM, AND THE DOCUMENTARY OR PHYSICAL EVIDENCE DISPOSITION FORM. YOU STATE IN YOUR GRIEVANCE THAT OFFICER RICHARDS WAS PART OF THE DISCIPLINARY TEAM. THE DISCIPLINARY TEAM CONSISTED OF MS. FENNIMORE, SR. CLASSIFICATION OFFICER AND LT. GIELOW. YOU OFFERED THE PLEA OF NO CONTEST. YOU WERE NEVER INSTRUCTED ON HOW TO PLEA.  YOU HAVE NOT PRESENTED ANY NEW EVIDENCE OR INFORMATION THAT WOULD CHANGE THE DECISION RENDERED BY THE HEARING TEAM.

THE HEARING TRANSCRIPT HAS BEEN REVIEWED AND THE HEARING CHAIR INTERVIEWED.

BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.
T. REYES                                                                          D. ELLIS

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|
| ʻD. Reyes | C. Hander  Acting Warden | 1-16-08 |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

WITH AGENCY CLERK

FEB 0 4 2008

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 08-6-02347 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

You were found guilty based on your no contest plea, which is accepted as a guilty plea. No further evidence needs to presented.

Your administrative appeal is denied.

J. MOORE

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Central Office
Response

EXHIBIT

D. 2

Disciplinary Infraction
2-3 (Jan. 25th 2008)

```
                        FLORIDA DEPARTMENT OF CORRECTIONS              02/07/2008
   ISSO152 (03)              DISCIPLINARY REPORT                       PAGE   1
                            LOG # 119-080223
-------------------------------------------------------------------------------
   DC#: L27821   INMATE NAME: CHANDLER, MARIO                     INFRACTION
   VIOLATION CODE:  0023   TITLE: PART.IN DISTURBANCE             DATE: 01/25/2008
   FACILITY CODE:  119    NAME:  SANTA ROSA C.I.                  TIME: 09:45
-------------------------------------------------------------------------------
```

I.   STATEMENT OF FACTS:
           INMATE CHANDLER, MARIO DC# L27821, IS BEING CHARGED WITH
           VIOLATION OF FAC CH 33-601.314, RULES OF PROHIBITED CONDUCT,
           2-3 CREATING A MINOR DISTURBANCE. ON 1/25/08 I WAS ASSIGNED
           TO E-DORM AS CM HOUSING SERGEANT. AT APPROX. 9:45 AM I WAS
           PRESENT IN WING 1 OF THE DORM. I HEARD LOUD NOISE COMING
           FROM CELL E1219. I APPROACHED CELL E1219 WHERE INMATE
           CHANDLER IS HOUSED ALONE. I OBSERVED INMATE CHANDLER YELLING
           INTO THE WING AND USING PROFANE LANGUAGE DIRECTED AT STAFF.
           I COUNSELED WITH INMATE ABOUT HIS DISRUPTIVE BEHAVIOR.
           CHEMICAL AGENTS HAD TO BE UTILIZED TO QUELL THE DISTURBANCE
           INMATE CHANDLER WAS CREATING. THE DORM SUPERVISOR AUTHORIZED
           THIS REPORT. INMATE CHANDLER WILL REMAIN IN HIS CURRENT
           STATUS PENDING DISCIPLINARY TEAM ACTION.

   REPORT WRITTEN: 01/25/2008, AT 14:00   OFFICER: SJD19 - SANDERS, J.D.
   ASSIGNED AND APPROVED BY: RFA00 - RHOADES, F.A.
-------------------------------------------------------------------------------
II.  INVESTIGATION:
           INMATE OFFERED STAFF ASSISTANCE: DECLINED

   INVESTIGATION BEGUN:  01/26/2008, AT 07:50   OFFICER: MRC20 - MISHOE, R.C.
   INVESTIGATION ENDED:  01/29/2008, AT 13:30
-------------------------------------------------------------------------------

III. INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 01/29/2008, AT: 12:10

                        DELIVERED BY : RJ032 - RICHARDS, J.
-------------------------------------------------------------------------------
IV.  DESIGNATING AUTHORITY REVIEW    LEVEL: MAJOR    DATE: 01/29/2008

                        OFFICER: CCS02 - COURTNEY, CYNTHIA
-------------------------------------------------------------------------------
V.           TEAM    FINDINGS AND ACTION   DATE: 01/31/2008, AT: 08:30
           INMATE OFFERED STAFF ASSISTANCE: DECLINED
           INMATE PLEA: NO PLEA      FINDINGS: GUILTY
           INMATE PRESENT: REFUSED TO APPEAR
   POSTPONEMENT:
   BASIS FOR DECISION:
           BASED IN PART OF OFFICER SANDERS WRITTEN REPORT AND
           CONFIRMED BY THE INVESTIGATION INMATE CHANDLER PARTICIPATED
           IN A DISTURBANCE. OFFICER SANDERS STATES: ON 1/25/08 I WAS
           ASSIGNED TO E-DORM AS CM HOUSING SERGEANT  AT APPROX. 9:45
           AM I WAS PRESENT IN WING 1 OF THE DORM . I HEARD LOUD NOISE
           COMING FROM CELL E1219. I APPROACHED CELL E1219 WHERE INMATE
           CHANDLER IS HOUSED ALONE. I OBSERVED INMATE CHANDLER YELLING
           INTO THE WING AND USING PROFANE LANGUAGE DIRECTED AT STAFF.
           I COUNSELED WITH INMATE ABOUT HIS DISRUPTIVE BEHAVIOR.
           CHEMICAL AGENTS HAD TO BE UTILIZED TO QUELL THE DISTURBANCE
           INMATE CHANDLER WAS CREATING. INMATE CHANDLER CALLED NO
           EVIDENCE OR WITNESS ON HIS BEHALF. HE REFUSED TO APPEAR AT
           THE DR HEARING. HOWEVER, HE DID SIGN THE REFUSAL TO APPEAR
           WAIVER FORM. HE WAS GIVEN A COPY OF THE TEAM FINDINGS AND
           WAS ADVISED THAT HE HAS FIFTEEN DAYS TO APPEAL THE DECISION
           OF THE TEAM.

```
                        FLORIDA DEPARTMENT OF CORRECTIONS              02/07/2008
ISSO152 (03)                DISCIPLINARY REPORT                        PAGE   2
                            LOG # 119-080223
--------------------------------------------------------------------------------
  DC#: L27821   INMATE NAME: CHANDLER, MARIO                    INFRACTION
  VIOLATION CODE:  0023   TITLE: PART.IN DISTURBANCE           DATE: 01/25/2008
  FACILITY CODE:  119    NAME:  SANTA ROSA C.I.                 TIME: 09:45
--------------------------------------------------------------------------------

  ACTIONS TAKEN:
   LOSS OF GAIN TIME:        0000; PROBATION DAYS SET: 000
   DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS SET:  0 CONSECUTIVE
                            0000                      000

   RESTITUTION:      $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

   TEAM CHAIRMAN:   FSL15 - FENNIMORE,S.L.
   TEAM MEMBERS:    KJD02 - KIRKLAND, J.D.                 -
--------------------------------------------------------------------------------
VI.  REVIEW AND FINAL ACTION: APPROVED
        WARDEN:    ED006 - ELLIS, D.            DATE: 02/04/2008
--------------------------------------------------------------------------------
VII. APPEAL PROCESS DISPOSITION: NO INSTITUTIONAL ACTION
        WARDEN:         -                        DATE: 00/00/0000
--------------------------------------------------------------------------------

    INFORMATIONAL NOTES:
      MAXIMUM GAIN TIME DAYS AVAILABLE TO BE TAKEN:      0 DAYS
--------------------------------------------------------------------------------
DC4-804
```

```
                    FLORIDA DEPARTMENT OF CORRECTIONS          01/31/08
ISSO158 (14)              DISCIPLINARY REPORT                  PAGE   1
                         HEARING INFORMATION
                         LOG # 119-080223
------------------------------------------------------------------------------
DC#: L27821   INMATE NAME: CHANDLER, MARIO               INFRACTION
VIOLATION CODE: 0023   TITLE: PART.IN DISTURBANCE        DATE: 01/25/08
FACILITY CODE: 119     NAME: SANTA ROSA C.I.             TIME: 09:45
------------------------------------------------------------------------------
       TEAM    FINDINGS AND ACTION   DATE: 01/31/08, AT: 08:30
    INMATE OFFERED STAFF ASSISTANCE: DECLINED
    INMATE PLEA: NO PLEA       FINDINGS: GUILTY   Thursday
    INMATE PRESENT: REFUSED TO APPEAR
  POSTPONEMENT:
  BASIS FOR DECISION:
    BASED IN PART OF OFFICER SANDERS WRITTEN REPORT AND
    CONFIRMED BY THE INVESTIGATION INMATE CHANDLER PARTICIPATED
    IN A DISTURBANCE. OFFICER SANDERS STATES: ON 1/25/08 I WAS
    ASSIGNED TO E-DORM AS CM HOUSING SERGEANT  AT APPROX. 9:45
    AM I WAS PRESENT IN WING 1 OF THE DORM . I HEARD LOUD NOISE
    COMING FROM CELL E1219. I APPROACHED CELL E1219 WHERE INMATE
    CHANDLER IS HOUSED ALONE. I OBSERVED INMATE CHANDLER YELLING
    INTO THE WING AND USING PROFANE LANGUAGE DIRECTED AT STAFF.
    I COUNSELED WITH INMATE ABOUT HIS DISRUPTIVE BEHAVIOR.
    CHEMICAL AGENTS HAD TO BE UTILIZED TO QUELL THE DISTURBANCE
    INMATE CHANDLER WAS CREATING. INMATE CHANDLER CALLED NO
    EVIDENCE OR WITNESS ON HIS BEHALF. HE REFUSED TO APPEAR AT
    THE DR HEARING. HOWEVER, HE DID SIGN THE REFUSAL TO APPEAR
    WAIVER FORM. HE WAS GIVEN A COPY OF THE TEAM FINDINGS AND
    WAS ADVISED THAT HE HAS FIFTEEN DAYS TO APPEAL THE DECISION
    OF THE TEAM.

ACTIONS TAKEN:
  DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS SET:   0 CONSECUTIVE

  RESTITUTION:       $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

  TEAM CHAIRMAN:   FSL15 - FENNIMORE,S.L.
  TEAM MEMBERS:    KJD02 - KIRKLAND, J.D.              -
------------------------------------------------------------------------------
------------------------------------------------------------------------------
```

Hearing transcript

C.O. J. Sanders and Lt. Richard on delivered copy

```
                    FLORIDA DEPARTMENT OF CORRECTIONS          02/04/08
ISSO158 (14)             DISCIPLINARY REPORT                   PAGE   1
                         HEARING INFORMATION
                          LOG # 119-080223
--------------------------------------------------------------------------------
DC#: L27821   INMATE NAME: CHANDLER, MARIO                    INFRACTION
VIOLATION CODE:  0023   TITLE: PART.IN DISTURBANCE            DATE: 01/25/08
FACILITY CODE:  119    NAME:  SANTA ROSA C.I.                 TIME: 09:45
--------------------------------------------------------------------------------
        TEAM   FINDINGS AND ACTION   DATE: 01/31/08, AT: 08:30
     INMATE OFFERED STAFF ASSISTANCE: DECLINED
     INMATE PLEA: NO PLEA        FINDINGS: GUILTY
     INMATE PRESENT: REFUSED TO APPEAR
  POSTPONEMENT:
  BASIS FOR DECISION:
     BASED IN PART OF OFFICER SANDERS WRITTEN REPORT AND
     CONFIRMED BY THE INVESTIGATION INMATE CHANDLER PARTICIPATED
     IN A DISTURBANCE. OFFICER SANDERS STATES: ON 1/25/08 I WAS
     ASSIGNED TO E-DORM AS CM HOUSING SERGEANT  AT APPROX. 9:45
     AM I WAS PRESENT IN WING 1 OF THE DORM . I HEARD LOUD NOISE
     COMING FROM CELL E1219. I APPROACHED CELL E1219 WHERE INMATE
     CHANDLER IS HOUSED ALONE. I OBSERVED INMATE CHANDLER YELLING
     INTO THE WING AND USING PROFANE LANGUAGE DIRECTED AT STAFF.
     I COUNSELED WITH INMATE ABOUT HIS DISRUPTIVE BEHAVIOR.
     CHEMICAL AGENTS HAD TO BE UTILIZED TO QUELL THE DISTURBANCE
     INMATE CHANDLER WAS CREATING. INMATE CHANDLER CALLED NO
     EVIDENCE OR WITNESS ON HIS BEHALF. HE REFUSED TO APPEAR AT
     THE DR HEARING. HOWEVER, HE DID SIGN THE REFUSAL TO APPEAR
     WAIVER FORM. HE WAS GIVEN A COPY OF THE TEAM FINDINGS AND
     WAS ADVISED THAT HE HAS FIFTEEN DAYS TO APPEAL THE DECISION
     OF THE TEAM.

 ACTIONS TAKEN:
  DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS SET:   0 CONSECUTIVE

  RESTITUTION:       $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

  TEAM CHAIRMAN:   FSL15 - FENNIMORE,S.L.
  TEAM MEMBERS:    KJD02 - KIRKLAND, J.D.              -
--------------------------------------------------------------------------------
--------------------------------------------------------------------------------
```

Hearing Transcript

U.R. Appeal
Log#.119-080223
Charge 2-3 F.A.C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**RECEIVED**

FEB 08 2008

SANTA ROSA C.I.
GRIEVANCE COORDINATOR

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☒ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From: Chandler, Mario A.     C-127821     Santa Rosa C.I.
_____Last_____First_____Middle Initial_____Number_____Institution #119

Pursuant to Chapter 33-103.007 and 33-103.013 (5) F.A.C.     080214-104

Part A — Inmate Grievance

Disciplinary Report log#119-080223 is in non compliance w/Chapter 33-601.
303-.314 F.A.C. A review of form DC4-804 Section(s) II and III will show the
violations of 33-601.305 (2) and (2)(a-g) and in violating Chapter 33-601.305
in any aspect + violates 33-601.302 (10) F.A.C. Point I: According to 33-601.302
(5) the Designating Authority fails to comply with this rule of the due
process requirements - because the disciplinary report prior to the hearing
are to be review by the classification sup. to determine if the discip-
linary report is in accordance with due process requirements and rules
33-601.301-.314. F.A.C.. A review of Section III of form DC4-804 will show
that the investigating officer failed to comply with the rules specified
in 33-601.305(2)(a) and a view of the using camera will show that at no
time did the investigation officer comply with 33-601.305 (2) and
(2)(a-g) thus violating 33-601.302 (10). Point III: The House sgt/unit
O.I.C. was listed in the statement of facts of this disciplinary report and
was a member of the hearing team which is in violation of 33-601.306
(1)(c). Point IV: The statement of facts does not support the charge. The
statement of facts clearly state to the alleged occurrence of yelling and
profane language directed at staff which indicates a violation of 33-
601.314(1-4) or 33-601.314(9-17) F.A.C. not part in a disturbance (2-3),
since the statement of facts does not support the charge it is in vio-
lation of 33-601.308(2)(b) and 33-601.307(1)(h)2. That the disciplinary
action is "proportionate" to the infraction (Proportionate Means= Correct or
equal to). Due to the numerous errors it is the policy of 33-601.311(5)
F.A.C. that this disciplinary report be expunge from my file.

Wed. Feb. 6th 2008     _____     C-127821
_____DATE_____     SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____/_____
_____#_____Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on:_____   Institutional Mailing Log #:_____
_____(Date)_____(Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)             INMATE
                 INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                               CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 0802-119-104 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

DISCIPLINARY REPORT 119-080223 HAS BEEN REVIEWED.  CONTACT WAS MADE WITH DISCIPLINARY HEARING CHAIRPERSON S. FENNIMORE AND SHE ADVISED THAT YOU STATE IN YOU GRIEVANCE THAT THE DESIGNATING AUTHORITY FAILED TO COMPLY WITH RULES AND REGULATIONS.  MS. COURTNEY THE CLASSIFICATION SUPERVISOR IS THE DESIGNATING AUTHORITY. SHE DOES REVIEW AND APPROVE ALL DISCIPLINARY REPORTS.  YOUR DR FOR PARTICIPATING IN A DISTURBANCE ON 1/25/08 WAS WRITTEN AND HANDLED ACCORDING TO POLICY AND PROCEDURE.  YOU WERE GIVEN THE OPPORTUNITY TO REQUEST EVIDENCE OR WITNESS AT THE TIME OF THE INVESTIGATION. YOU SIGNED THE DC6-151 FORM AND CHECKED â€œI DO NOT HAVE ANY EVIDENCEâ€ ; THEREFORE YOU CANNOT CALL THE CAMERA AT THIS TIME. YOU HAVE NOT PROVIDED ANY ADDITIONAL INFORMATION THAT DISPUTES THE STATEMENT OF FACTS.

THE HEARING TRANSCRIPT HAS BEEN REVIEWED AND THE HEARING CHAIR INTERVIEWED.

BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.
T. REYES                                                                          D. ELLIS

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 2/14/08 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

Grievance Mailed
FEB 15 2008
Santa Rosa C.I.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

FEB 19 2008

FOR MAILING

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden   ☐ Assistant Warden   ☒ Secretary, Florida Department of Corrections

From: Chandler, Mario A.   C-127821   Santa Rosa C.I.
　　　Last　　First　　Middle Initial　　Number　　#119　Institution

Pursuant to Chapter 33-103 and and 33-103(5) F.A.C.

Part A – Inmate Grievance　　　08-6-05316

According to the Acting Warden C. Henderson and the grievance Coordinator Mrs. T. Reyes they clearly stated that Mrs. Courtney is the designated reviewing authority as perscribed in Chapter 33-601.303(5) F.A.C and that she reviews and approves all disciplinary reports. Further they stated that my disciplinary report for participating in a disturbance on 1/25/08 was written and handled accordingly to the Policies and Procedure. I find that statement to be totally Misleading because I have illuminated four (4) procedural errors that are totally factual and undisputed and the Acting Warden C. Henderson and the grievance coordinator Mrs. T. Reyes failed to acknowledge the various stipulate Points of procedural errors, further they uphold a disciplinary report when the facts stated in the statement of facts does not support the charge of participating in a disturbance because 1). There where no other participants in the alleged disturbance so one cannot participate in a disturbance by ones Self and 2). The statement of facts clearly allege that the party preceded against alleged they was using Profane language Directed at Staff which clearly gives rise to violation of 33-601.314 Section 1 ☐ charge 1-4 (Disrespect to officials) F.A.C. In accordance with the policies of the Department Chapter 33-601.308(2)(b) the charge's inmate is to be found not guilty when the Statement of facts does not support the charge. Listed on the attached institutional appeal are other compelling Procedural errors requiring dismissal of this disciplinary report. Policy's is to be obeyed by all persons

Mon Feb 18th 2008　　　Mario A. C-1278)
DATE　　　　　　　　SIGNATURE OF GRIEVANT AND D.C. #
Corrected to the State correctional system, that is not discretionary.

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　#　　Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 02-19-08 Institutional Mailing Log #: MROS-0403　　Mrs. Blocker
　　　　　　　　(Date)　　　　　　　　　　　　　　　　　　　　　　(Received By)

DISTRIBUTION:　INSTITUTION/FACILITY　　　CENTRAL OFFICE
　　　　　　　INMATE (2 Copies)　　　　INMATE
　　　　　　　INMATE'S FILE　　　　　　INMATE'S FILE - INSTITUTION/FACILITY
　　　　　　　INSTITUTIONAL GRIEVANCE FILE　CENTRAL OFFICE INMATE FILE
　　　　　　　　　　　　　　　　　　　　CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

MAR 0 3 2008

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 08-6-05316 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated.  The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

A review of the disciplinary report in question reveals sufficient information to support the charge.

You have not presented sufficient evidence or information to warrant overturning the disciplinary report.

Your administrative appeal is denied.

E. STINE

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding



EXHIBIT

D.3

Disciplinary Infraction
9-17 (Jan. 28th 2008)

```
                    FLORIDA DEPARTMENT OF CORRECTIONS            02/04/2008
ISSO152 (03)              DISCIPLINARY REPORT                        PAGE   1
                           LOG # 119-080244
--------------------------------------------------------------------------------
 DC#: L27821   INMATE NAME: CHANDLER, MARIO                      INFRACTION
 VIOLATION CODE:  0917   TITLE: DISORDERLY CONDUCT               DATE: 01/28/2008
 FACILITY CODE:  119    NAME:  SANTA ROSA C.I.                   TIME: 07:10
--------------------------------------------------------------------------------
I.   STATEMENT OF FACTS:
          INMATE CHANDLER, MARIO DC# L27821, IS BEING CHARGED WITH
          VIOLATION OF FAC CH 33-601.314, RULES OF PROHIBITED CONDUCT,
          9-17 DISORDERLY CONDUCT. ON 1/28/08 I WAS ASSIGNED AS
          E-DORM PROGRAMS OFFICER. AT APPROX. 7:10 AM I WAS CONDUCTING
          A SECURITY CHECK IN WING 1. I APPROACHED CELL E1219, WHICH
          HOUSES INMATE CHANDLER ALONE, AND HE BEGAN YELLING AND
          CURSING. I COUNSELED WITH INMATE CHANDLER AND HE YELLED,
          "GET ME MY FUCKING PROPERTY OR I'LL FLOOD THIS MOTHERFUCKER
          OUT. I'LL SHOW YOU WHO RUNS THIS SHIT." I ORDERED INMATE
          CHANDLER TO CEASE HIS DISRUPTIVE BEHAVIOR, BUT HE CONTINED
          TO YELL. I CONTACTED SGT. RATHBONE AND HE COUNSELED WITH
          INMATE CHANDLER SEVERAL TIMES AND HE FINALLY COMPLIED WITH
          HIS ORDERS TO CEASE. OFFICER ECCLES WAS PRESENT ON HTE WING
          AT THE TIME OF THE INCIDENT. INMATE CHANDLER WILL REMAIN IN
          HIS CURRENT STATUS PENDING DISCIPLINARY TEAM ACTION. THE OIC
          WAS NOTIFIED AND AUTHORIZED THIS REPORT.

 REPORT WRITTEN: 01/28/2008, AT 09:00   OFFICER: RJ032 - RICHARDS, J.
 ASSIGNED AND APPROVED BY: KJD02 - KIRKLAND, J.D.
--------------------------------------------------------------------------------
II.  INVESTIGATION:
     WITNESSES:
          CO ECCLES
          SGT. RATHBONE
          INMATE OFFERED STAFF ASSISTANCE: DECLINED

 INVESTIGATION BEGUN:  01/28/2008, AT 13:30   OFFICER: CTA06 - COURSEY,T.A.
 INVESTIGATION ENDED:  02/04/2008, AT 09:02
--------------------------------------------------------------------------------

III. INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 02/01/2008, AT: 07:15

                        DELIVERED BY : CB019 - COUNTS, B
--------------------------------------------------------------------------------
IV.  DESIGNATING AUTHORITY REVIEW    LEVEL: DECISION  DATE: 00/00/0000

                              OFFICER:    - NO OFFICER ID FOUND
--------------------------------------------------------------------------------
V.   HEARING OFFICER FINDINGS AND ACTION   DATE: 00/00/0000, AT: 00:00
          INMATE OFFERED STAFF ASSISTANCE: DECLINED
          INMATE PLEA: PLEA NOT F   FINDINGS: FIND NOT F
          INMATE PRESENT: REFUSED TO APPEAR
     POSTPONEMENT:
     BASIS FOR DECISION:

 ACTIONS TAKEN:
  LOSS OF GAIN TIME:       0000; PROBATION DAYS SET: 000
  DISCIPLINARY CONFINEMENT: 0000; PROBATION DAYS SET: 000
```

*12/9L*

```
                  FLORIDA DEPARTMENT OF CORRECTIONS              02/05/08
ISSO158 (14)            DISCIPLINARY REPORT                       PAGE  1
                        HEARING INFORMATION
                        LOG # 119-080244
--------------------------------------------------------------------------------
DC#: L27821   INMATE NAME: CHANDLER, MARIO                    INFRACTION
VIOLATION CODE: 0917   TITLE: DISORDERLY CONDUCT              DATE: 01/28/08
FACILITY CODE: 119     NAME: SANTA ROSA C.I.                 TIME: 07:10
--------------------------------------------------------------------------------
           TEAM   FINDINGS AND ACTION  DATE: 02/05/08, AT: 08:50
      INMATE OFFERED STAFF ASSISTANCE: DECLINED
      INMATE PLEA: NO PLEA  ·    FINDINGS: GUILTY
      INMATE PRESENT: REFUSED TO APPEAR
   POSTPONEMENT:
   BASIS FOR DECISION:
      BASED IN PART OF OFFICER RICHARDS WRITTEN REPORT AND
      CONFIRMED BY THE INVESTIGATION INMATE CHANDLER WAS
      DISORDERLY. OFFICER RICHARDS STATES: I APPROACHED CELL
      E1219, WHICH HOUSES I/M CHANDLER ALONE, AND HE BEGAN YELLING
      AND CURSING. I COUNSELED WITH I/M CHANDLER AND HE YELLED
      "GET ME MY FUCKING PROPERTY OR I'LL FLOOD THIS MOTHERFUCKER
      OUT. I'LL SHOW YOU WHO RUNS THIS SHIT."I ORDERED I/M
      CHANDLER TO CEASE HIS DISRUPTIVE BEHAVIOR, BUT HE CONTINED
      TOYELL.  I CONTACTED SGT. RATHBONE AND HE COUNSELED WITH I/M
      CHANDLER SEVERAL TIMES AND HE FINALLY COMPLIED WITH ORDERS
      I/M CALLED THE CAMERA AS EVIDENCE. THE CAMERA WAS VIEWED
      VIEWED AND THE INVEST.OFFICER STATES "I OBSERVED OFFICER AT
      CELL FRONT AT 7:10:01 CAMERA HAS NO AUDIO AND DOES NOT FILM
      INSIDE THE CELL. "BASED UPON REVIEW OF THE IDENTIFIED TAPE
      OR THE CAPABILITIES OF THE PARTICULAR TAPING EQUIPMENT, THE
      TAPE REQUESTED DOES NOT PROVIDE EVIDENCE TO SUPPORT THE I/M
      STATEMENT". ALL WITNESS STATEMENTS WERE READ AND CONSIDERED
      BY THE TEAM. I/M CHANDLER REFUSED TO APPEAR AT THE HEARING.
      HOWEVER, HE DID SIGN THE REFUSAL TO APPEAR WAIVER FORM. HE
      WAS GIVEN A COPY OF THE TEAM FINDINGS AND WAS ADVISED THAT
      HE HAS 15 DAYS TO APPEAL THE DECISION OF THE TEAM.

   ACTIONS TAKEN:
    DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS SET:   0 CONSECUTIVE

    RESTITUTION:      $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

   TEAM CHAIRMAN:   FSL15 - FENNIMORE,S.L.
   TEAM MEMBERS:    KJD02 - KIRKLAND, J.D.         -
--------------------------------------------------------------------------------
--------------------------------------------------------------------------------
```

Received 2/5/08

*D. R. Appeal*
*Log # 119-080244*
*Charge 9-17 F.A.C.*

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**RECEIVED**
FEB 08 2008
SANTA ROSA C.I.
GRIEVANCE COORDINATOR

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: Chandler, Mario el    C-L27821    Santa Rosa #119
    Last    First    Middle Initial     Number     Institution

*0800-19-115*

**Part A – Inmate Grievance**

Pursuant to Chapter 33-103.007 & 33-103.013 (5) F.A.C. Disciplinary Report Log # 119-080244 is in non compliance w/ chapter 33-601.302-314. F.A.C. A review of form DC4-864 Section(s) II and III will show the violations of 33-601.305 (2) and (2)(a-g) and in violating Chapter 33-601.305 in any respect violates 33-601.302 (10) F.A.C. Point II: According to 33-601.302(5) the Designating Authority failed to comply with this rule of the due process requirements - because the Disciplinary report prior to the hearing are to be reviewed by the Classification Supv. to determine if the Disciplinary report is in accordence with due process requirements and rules 33-601.301-.314, F.A.C. A view of Section II and III of form DC4-864 clearly shows that the assigned investigator T.A. Coursey was not the person who delivered me the charge & a view of the wing cameras will show at no time did officer T.A. Coursey conform to the investigation requirements as spelled out in 33-601.305(2) & (2)(a-g). It was C.O.B. Courts that performed the duties spelled out in 33-601.305(2) & (2)(a-g) which is a violation of investigative procedures as specified in 33-601.301 (10). Point III: The housing unit O.I.C. was the one assigned and approved Disciplinary log Number 119-080244 and was also a panel member in the hearing which is a violation of 33-601.306(1)(a) F.A.C. Point IV: I was still on strip cell status (as evident by the statement of facts) so with no property & nothing in my cell how can I flush my cell. Point V: The statement of facts does not support the charge - statement of facts clearly indicate a violation of 33-601.314(1-4) not 33-601.314(9-17) therefore the statement of facts does not support the charge in violation of 33-601.308(2)(b) F.A.C. as well as 33-601.307(1)(h)2. That the Disciplinary action is "proportionate" which means correct or equal to) to the infraction. I request due to the numerous procedural violations that Disciplinary report log number 119-080244 be expunged.

Wed. Feb. 6th 2008      Mario   C-L27821
DATE             SIGNATURE OF GRIEVANT AND D.C. #

From my inmate file. Per 33-601.311 (5) F.A.C.

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ～～～～～
                                                    #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____ Institutional Mailing Log #: _____
        (Date)                                          (Received By)

*OSC*
*1-28-08*
*119-080244*
*9-17*
*Kennimore*

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION./FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 0802-119-115 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

DISCIPLINARY REPORT 119-080244 HAS BEEN REVIEWED. CONTACT WAS MADE WITH DISCIPLINARY HEARING CHAIRPERSON S. FENNIMORE AND SHE ADVISED THAT LT KIRKLAND DID APPROVE THE DISCIPLINARY HEARING REPORT TO BE WRITTEN; HOWEVER THAT DOES NOT MEAN THAT HE CAN NOT SIT ON THE DISCIPLINARY TEAM AS HE WAS NOT A WITNESS NOR THE PERSON WRITING THE DISCIPLINARY REPORT. OFFICER B. COUNTS DELIVERED THE DISCIPLINARY REPORT TO YOU ON 02/01/08 AT APPROXIMATELY 7:15 AM AND OFFICER T.A. COURSEY VIEWED THE CAMERA DUE TO YOUR REQUEST FOR EVIDENCE. IN ADDITION, YOU STATE THAT THE CLASSIFICATION SUPERVISOR WAS DID NOT REVIEW THE DISCIPLINARY REPORT, REVIEW OF THE DATABASE REVEALED THAT C. COURTNEY, CLASSIFICATION SUPERVISOR DID REVIEW THE DISCIPLINARY REPORT AND DESIGNATED THE REPORT. YOU HAVE NOT PRESENTED ANY NEW EVIDENCE OR INFORMATION THAT WOULD CHANGE THE DECISION RENDERED BY THE HEARING TEAM.

THE HEARING TRANSCRIPT HAS BEEN REVIEWED AND THE HEARING CHAIR INTERVIEWED.

BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

T. REYES                                        D. ELLIS

| | | 2-19-08 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Grievance Mailed
FEB 2 0 2008
Santa Rosa C.I.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

PROVIDED TO
SANTA ROSA C.I.
FEB 20 2008
FOR MAILING

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden  ☐ Assistant Warden  ☒ Secretary, Florida Department of Corrections

From: Chandler, Mario A    C-L27821    #119 Sante Rosa
      Last First Middle Initial    Number    Institution

Pursuant to Chapter 33-103. 008 F.A.C.

**Part A – Inmate Grievance**    086 05627

According to the reviewing Authority on Disciplinary Appeals they state that Ms. Fennimere was contacted & she did say that Lt. Kirkland did approve the Disciplinary report and that he did sit on the hearing board. However, they further state that, that does not mean that he couldn't sit as a hearing team member. On the contrary by due process Standards (Procedural) I am entitled to a hearing before an impartial fact finder (which is, one whose mind is not already made up and who can give me a fair hearing) - Patterson v. Coughlin, 905 F. 2d 564, 570 (2d Cir 1990). However, courts have held that a person who was involved in the incident or the "filing of the Charge" [special emphasis], witnessed the incident, or investigated it is generally not considered impartial - Diercks v. Durham, 959 F. 2d 710, 713 (8th Cir. 1992). Further in the Policy of Chapter 33-601. 302 (5) the Designated Reviewing Authority Mrs. C. Courtney failed to comply with the duties perscribed in Chapter 33-601. 302 (5) F.A.C. because had she complied with the duties of her position she would have noted/notice all five (5) points of procedural errors that are factually uncontested and would have dismissed the Disciplinary report Pursuant to the Policy of the Dept. Chapter 33-601.308(2)(a) or (2)(b) F.A.C. on her own authority granted to her by Chapter 33-601. 302 (5) F.A.C. Her failure to execute her duties and the investigator's failure to execute his duties (33-601. 305 (2) & (2)(a-g)) deprives me of due process and Policy rights stipulated in Chapter 33-601. 301 to 33-601. 314 F.A.C. Which is the Policy of the Dept. The attached will stipulate five (5) uncontested procedural errors that warrants dismissal of Disciplinary log # 119-080244, Per 33-601.308 F.A.C.

Wed. Feb. 20th 2008                    Mario C-L27821
DATE                    SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_____
\# · Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: FEB 21 2008    Institutional Mailing Log #_____    Mrs Blocker
                    (Date)                        (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY        CENTRAL OFFICE
                INMATE (2 Copies)            INMATE                                        054    9-17
                INMATE'S FILE                INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE        DR    1/28/08
                                            CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

MAR 1 0 2008

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 08-6-05627 | (119) SANTA ROSA C.I. | E3214L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

The fact that you displayed disruptive behavior even after being counseled by 2 separate officers supports the charge.

You have not presented sufficient evidence or information to warrant overturning the disciplinary report.

Your administrative appeal is denied.

E. STINE

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 3 6 08 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

# EXHIBIT

# D. 4

Disciplinary Infraction
1-3 (Jan. 28th 2008)

```
                    FLORIDA DEPARTMENT OF CORRECTIONS              02/04/2008
    ISSO152 (03)          DISCIPLINARY REPORT                      PAGE   1
                            LOG # 119-080241
------------------------------------------------------------------------------
  DC#: L27821   INMATE NAME: CHANDLER, MARIO                  INFRACTION
  VIOLATION CODE:  0013   TITLE: SPOKEN THREATS               DATE: 01/28/2008
  FACILITY CODE:  119     NAME:  SANTA ROSA C.I.              TIME: 11:20
------------------------------------------------------------------------------
```

I.   STATEMENT OF FACTS:
       INMATE CHANDLER, MARIO DC# L27821, IS BEING CHARGED WITH
       VIOLATION OF FAC CH 33-601.314, RULES OF PROHBITED CONDUCT,
       1-3 SPOKEN OR WRITTEN THREATS. ON 1/28/08 I WAS ASSIGNED AS
       E-DORM PROGRAMS OFFICER. AT APPROX. 11:20 AM OFFICER
       RICHARDS AND I WERE SUPERVISING THE PICK-UP OF THE NOON
       MEAL. I APPROACHED CELL E1219 WHICH HOUSES INMATE CHANDLER
       ALONE. AS I STARTED OPENING THE FOOD FLAP TO RETRIEVE HIS
       TRAY, I OBSERVED INMATE CHANDLER HOLDING HIS FOOD TRAY IN AN
       AGRESSIVE MANNER. INMATE CHANDLER STATED "GET THE
       SERGEANT." I ORDERED INMATE CHANDLER TO PUT HIS TRAY OUT AND
       HE STATED "YOU CAN WEAR THIS FUCKER UPSIDE YOUR HEAD OR GET
       THE SERGEANT." I ADVISED SGT. RATHBONE OF THE SITUATION AND
       HE COUNSELED WITH AND RETRIEVED THE FOOD TRAY FROM INMATE
       CHANDLER WITHOUT FURTHER INCIDENT. INMATE CHANDLER WILL
       REMAIN IN HIS CURRENT STATUS PENDING DISCIPLINARY TEAM
       ACTION. THE OIC WAS NOTIFIED AND AUTHORIZED THIS REPORT.

  REPORT WRITTEN: 01/28/2008, AT 12:00   OFFICER: EDS05 - ECCLES, D.S.
  ASSIGNED AND APPROVED BY: KJD02 - KIRKLAND, J.D.
------------------------------------------------------------------------------
II.  INVESTIGATION:
    WITNESSES:
        CO RICHARDS
        SGT. RATHBONE
        INMATE PORTER
        INMATE SUMMERALL
        INMATE OFFERED STAFF ASSISTANCE: DECLINED

  INVESTIGATION BEGUN:  01/28/2008, AT 14:00   OFFICER: CTA06 - COURSEY,T.A.
  INVESTIGATION ENDED:  02/04/2008, AT 09:00
------------------------------------------------------------------------------

III. INMATE NOTIFICATION OF CHARGES: DATE DELIVERED: 02/01/2008, AT: 07:22

                  DELIVERED BY : CB019 - COUNTS, B
------------------------------------------------------------------------------
IV.  DESIGNATING AUTHORITY REVIEW     LEVEL: DECISION  DATE: 00/00/0000

                  OFFICER:     - NO OFFICER ID FOUND
------------------------------------------------------------------------------
V.   HEARING OFFICER FINDINGS AND ACTION   DATE: 00/00/0000, AT: 00:00
        INMATE OFFERED STAFF ASSISTANCE: DECLINED
        INMATE PLEA: PLEA NOT F   FINDINGS: FIND NOT F
        INMATE PRESENT: REFUSED TO APPEAR
    POSTPONEMENT:
    BASIS FOR DECISION:

  ACTIONS TAKEN:
   LOSS OF GAIN TIME:      0000; PROBATION DAYS SET: 000
   DISCIPLINARY CONFINEMENT: 0000; PROBATION DAYS SET: 000

*12/9L*

FLORIDA DEPARTMENT OF CORRECTIONS                    02/05/08

ISSO158 (14)                DISCIPLINARY REPORT                    PAGE   1
                            HEARING INFORMATION
                            LOG # 119-080241

--------------------------------------------------------------------------------

DC#: L27821   INMATE NAME: CHANDLER, MARIO                 INFRACTION
VIOLATION CODE:   0013   TITLE: SPOKEN THREATS             DATE: 01/28/08
FACILITY CODE:   119     NAME:  SANTA ROSA C.I.            TIME: 11:20

--------------------------------------------------------------------------------

       TEAM    FINDINGS AND ACTION   DATE: 02/05/08, AT: 08:55
    INMATE OFFERED STAFF ASSISTANCE: DECLINED
    INMATE PLEA: NO PLEA       FINDINGS: GUILTY
    INMATE PRESENT: REFUSED TO APPEAR
  POSTPONEMENT:
  BASIS FOR DECISION:
       BASED IN PART OF OFFICER ECCLES'S WRITTEN REPORT AND
       CONFIRMED BY THE INVESTIGATION INMATE CHANDLER MADE THREATS.
       OFFICER ECCLES STATES: AT APPROX.11:20 AM OFFICER RICHARDS
       AND I WERE SUPERVISING THE PICK-UP OF THE NOON MEAL. I
       APPROACHED CELL E1219 WHICH HOUSES INMATE CHANDLER ALONE. AS
       I STARTED OPENING THE FOOD FLAP TO RETRIEVE HIS TRAY, I
       OBSERVED I/M CHANDLER HOLDING HIS FOOD TRAY IN AN AGRESSIVE
       MANNER. I/M CHANDLER STATED "GET THE SERGEANT." I ORDERED
       I/M CHANDLER TO PUT HIS TRAY OUT AND HE STATED "YOU CAN WEAR
       THIS FUCKER UPSIDE YOUR HEAD OR GET THE SGT." I/M CALLED THE
       CAMERA AS EVIDENCE. OFFICER STATES "I OBSERVED OFFICERS AT
       CELL FRONT AT 11:23:48. THE CAMERA DOES NOT FILM INSIDE THE
       CELL AND HAS NO AUDIO. "BASED UPON REVIEW OF THE IDENTIFIED
       TAPE OR THE CAPABILITIES OF THE PARTICULAR TAPING EQUIPMENT,
       THE TAPE REQUESTED DOES NOT PROVIDE EVIDENCE TO SUPPORT THE
       INMATE'S STATEMENT". ALL WITNESS STATEMENTS WERE READ AND
       CONSIDERED BY THE TEAM. I/M REFUSED TO APPEAR AT THE
       HEARING.HE DID SIGN THE REFUSAL TO APPEAR WAIVER FORM. HE
       WAS GIVEN A COPY OF THE TEAM FINDINGS AND WAS ADVISED THAT
       HE HAS FIFTEEN DAYS TO APPEAL THE DECISION OF THE TEAM.

  ACTIONS TAKEN:
    DISCIPLINARY CONFINEMENT:   30; PROBATION DAYS SET:   0 CONSECUTIVE

    RESTITUTION:      $.00; INDIV.REVIEW/COUNSEL?: N; CONFISCATE CONTRABAND?: N

    TEAM CHAIRMAN:   FSL15 - FENNIMORE,S.L.
    TEAM MEMBERS:    KJD02 - KIRKLAND, J.D.           -

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

Received
2/5/08

D.R. Appeal
Log#119-080241
Charge 1-3 F.A.C.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
FEB 08 2008
SANTA ROSA C.I.
GRIEVANCE COORDINATOR

TO: ☒ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: Chandler, Mario A.        C-L27821        Santa Rosa C.I.
      Last   First   Middle Initial        Number        Institution #119

Pursuant to Chapter 33-103.007; 33-103.013(5) F.A.C.        0802-119-105

Part A – Inmate Grievance

Disciplinary Report log#119-080241 is in non compliance with chapter 33-601.302 F.A.C.. Upon review form DC4-804 Section(s) II and III will show that the investigating officer T.A. Coursey was not the officer who investigated me, Delivered me the charge, Obtaining my version of the infraction or even asking me if I have any witnesses or evidence. Correctional Officer Counts, B. was the one at my cell front on 2/1/08 @ 7:22am (verified by wing camera) Conducting 33-601.305(2)(a-9), which is a total Procedural violation because c.o.B. Counts was not the assigned investigator to this infraction their fore violating 33-601.302(10) and in violating 33-601.302(10) the Designating Authority (33-601.302(5)) Should have notice Prior to the hearing that this Disciplinary report was not in accordance nor did it conform to the due Process requirements and/or as specified in 33-601.301-.314 F.A.C. Point number II: The investigator failed to execute his responsibilities as defined in 33-601.305 (and all its subsections) because he failed to comply with Subsection(s): (2) & (2)(a-9). Wing Camera footage will show at no time did officer T.A. Coursey assigned as investigating officer to Disciplinary Report Log#119-080241 ~~ever~~ complyed with 33-601.305(2) and (2)(a-9). Therefore violating due Process requirements as defined in 33-601.302 as well as violating specified procedural requirements as stated in 33-601.302(10) F.A.C.. Point III: The Disciplinary Report was assigned and approved by the Housing unit O.I.C. which was also a panel member of the Disciplinary Hearing - in violation of 33-601.306(1)(a) F.A.C.. Point IV: According to camera footage it only shows officers at cell front @ 11:23am so how can they state in an officer Eccles report & confirmed by the investigation that I made threats. It clearly states the camera has no audio capabilities - so the officer can't factually

Wed Feb 6, 2008
DATE

~~his~~ Prove (is) contentions nor can the investigator who failed to investigate me.

Uzdel C-L27821
SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _____
                                                                            #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: FEB 2 1 2008   Institutional Mailing Log #: _____
                            (Date)

1-28-08
119-080241
V-3
(Received By)

DSE
Fenimore

DISTRIBUTION:   INSTITUTION/FACILITY        CENTRAL OFFICE
                INMATE (2 Copies)           INMATE
                INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE CENTRAL OFFICE INMATE FILE
                                            CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 0802-119-105 | (119) SANTA ROSA C.I. | E1219L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

DISCIPLINARY REPORT 119-080241 HAS BEEN REVIEWED. YOU STATE IN YOUR GRIEVANCE THAT OFFICER COURSEY WAS NOT THE INVESTIGATING OFFICER FOR DISCIPLINARY REPORT # 119-080241. THAT WOULD BE CORRECT TO SAY. OFFICER COUNTS DID INVESTIGATE THE REPORT HOWEVER; OFFICER T.A. COURSEY VIEWED THE CAMERA FOR EVIDENCE REQUESTED. LT. KIRKLAND DID APPROVE THE DISCIPLINARY REPORT WHICH IS ALLOWED BY POLICY AND PROCEDURE. HE DID NOT WRITE THE REPORT NOR WAS HE CALLED AS A WITNESS, THEREFORE HE CAN BE ON THE DISCIPLINARY TEAM. YOU HAVE NOT PRESENTED ANY NEW EVIDENCE OR INFORMATION THAT WOULD CHANGE THE DECISION RENDERED BY THE HEARING TEAM.

THE HEARING TRANSCRIPT HAS BEEN REVIEWED AND THE HEARING CHAIR INTERVIEWED.

BASED ON THE ABOVE INFORMATION, YOUR GRIEVANCE IS DENIED.

TO RECEIVE FURTHER ADMINISTRATIVE REVIEW OF YOUR COMPLAINT, YOU MUST OBTAIN FORM DC1-303, REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL, COMPLETE THE FORM, PROVIDING ATTACHMENTS AS REQUIRED, AND SUBMIT THE FORM TO THE BUREAU OF INMATE GRIEVANCE APPEALS, 2601 BLAIR STONE ROAD, TALLAHASSEE, FLORIDA, 32399 WITHIN THE TIME FRAMES SPECIFIED IN CHAPTER 33-103.

T. REYES                                    D. ELLIS

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 2-19-08 DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Grievance Mailed
FEB 2 0 2008
Santa Rosa C.I.

Appeal of
Copy #119-080241
Charge 1-3

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

PROVIDED TO
SANTA ROSA C.I.
FEB 20 2008
FOR MAILING
INMATE INITIALS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

FEB 21 2008

TO: ☐ Warden    ☐ Assistant Warden    ☒ Secretary, Florida Department of Corrections

From: Chandler, Mario A         C-L27821         #119 Sante Rosa
   Last   First   Middle Initial      Number         Institution

Pursuant to Chapter 33-103.008

086 05626

**Part A – Inmate Grievance**

According to the Reviewing Appeal Authorities (Warden David Ellis &
Mrs. T. Reign) they first Stated that Officer T. A. Coursey was not
the investigating officer which is squarely in conflict with Form
DC4-804 FL Dept. of Corrections Disciplinary Report Section II: Inves-
tigations assigned to officer T. A. Coursey, which by Policy makes
him the investigator Pursuant to Chapter 33-601.302(4) F.A.C. My
Complaint clearly Stipulates that since the investigator (Mr. T. A. Coursey)
failed to comply with his duties as the investigator and delegates
his responsibilities to another Staff Member which is arbitrary
to the Policy Stipulated in Chapter 33-601.305 and 33-601.302(4)0
F.A.C. it raises grounds of Procedural errors to have Disciplinary
report expunged from File Pursuant to Chapter 33-601.308(2)(c) F.A.C.
The Process Standards and the Policy of the Dept. where not executed
in a variety of ways which I have Stipulated on the attached
institutional Response. Since these violations are factual and
undisputable by Policy Standards – the Policy requires that
an expungement due to Procedural or technical errors are
grounds for expungement of a Disciplinary report from file
Pursuant to Chapter 33-601.308(2)(c) F.A.C. Based on the
herein Stated and the attached Stipulate four (4) Points of
Procedural errors (undisputed with Policy) requires Disciplinary
report to be expunged from file.

Wed. Feb. 20th 2008                    Mario C-L27821
DATE                              SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**
                                    #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____    Institutional Mailing Log #: MR08-0428    ms Blocker
                (Date)                                              (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY        CENTRAL OFFICE
                INMATE (2 Copies)           INMATE
                INMATE'S FILE               INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                            CENTRAL OFFICE GRIEVANCE FILE

05A          1-3
DR           1/28/08

DC1-303 (Revised 2/05)

MAR 1 0 2008

**PART B - RESPONSE**

| CHANDLER, MARIO | L27821 | 08-6-05626 | (119) SANTA ROSA C.I. | E3214L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | GRIEVANCE INSTITUTION | HOUSING LOCATION |

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

Review of the disciplinary report database indicates that Officer Coursey is the primary investigator. However, Officer Counts was assigned to assist Officer Coursey in delivering the charges. This is a permissible practice.

You have not presented sufficient evidence or information to warrant overturning the disciplinary report.

Your administrative appeal is denied.

E. STINE

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 3/6/08 DATE |
|---|---|---|

COPY DISTRIBUTION - INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding



**State of Florida**
**Department of Corrections**

## OATH/VERIFICATION

Under penalties of perjury, I Mario A. Chandler declare that I have read the foregoing (document) and that the facts stated in it are true.

3/27/08
· Date

Signature of Declarant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing (document) has been furnished by the U.S. Mail—postage prepaid to: U.S. District Court, Northern District of Florida, ATTN: Office of the Clerk Room 226, 1 N. Palafox Street, Pensecola, FL 32502

And was placed in the hand of an institution official for mailing this 27 day of March, 2008.

Institution and address:

Santa Rosa C.I.
5850 E. Milton P.O.
Milton, FL 32583

**PROVIDED TO**
**SANTA ROSA C.I.**

**MAR 26 2008**

**FOR MAILING**
**INMATE INITIALS**